UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

RICHARD E. GURULE,

               Plaintiff,             2:15-cv-2260-MC

               v.                    ORDER

JERI TAYLOR, et al.,

               Defendants.

McShane, District Judge.

Plaintiff, an inmate in the custody of the Oregon Department of Corrections filed a complaint under 42 U.S.C. § 1983 alleging violations of his civil rights arising out of his medical care at the Eastern Oregon Correctional Institution.

Plaintiff now moves for a temporary restraining order and preliminary injunction requiring plaintiff to be examined by medical specialists to "evaluate" his medical condition and "prescribe treatments."

The general rules for granting preliminary relief are

1 - ORDER

familiar and need not be discussed in detail. "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held," and it is generally inappropriate for a federal court at the preliminary injunction stage to give a final judgment on the merits. University of Texas v. Camenisch, 451 U.S. 391, 395 (1981); Tanner Motor Livery, Ltd. V. Avis, Inc, 316 F.2d 804, 808 (9th Cir. 1983). See also, Regents of University of California v. ABC, Inc., 747 F.2d 511, 514 (9th Cir. 1984) ("* * * the function of a preliminary injunction is to preserve the status quo ad litem.") Wright and Miller, Federal Practice and Procedure § 2947 (1973) ("* * * the most compelling reason in favor of entering a Rule 65(a) order is the need to prevent the judicial process from being rendered futile by defendant's actions or refusal to act").

In this case, the preliminary equitable relief that plaintiff seeks would in essence constitute a judgment on the merits of plaintiff's underlying claim and is therefor inappropriate.

Plaintiff's Motion (#4) is denied.


DATED this 14 day of December, 2015.


Michael McShane
United States District Judge